UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT STALLINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:20-cv-270-MTS |
| ) | |
| THE PROCTER & GAMBLE DISABILITY, ) | |
| COMMITTEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Discovery, Doc. [27], in an action under the Employee Retirement Income Security Act ("ERISA") of 1974, as amended 29 U.S.C. §1001 *et. seq*., against Defendants The Procter & Gamble Disability Committee and The Procter & Gamble Health and Long-Term Disability Plan (collectively, "Defendants"). For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

This case arises from long term disability benefits provided under an employee welfare benefit plan sponsored by the ERISA-governed Procter & Gamble Health and Long-Term Disability Plan ("Plan") and the determination by The Procter & Gamble Disability Committee ("Committee")[1] to deny Plaintiff Robert Stallings ("Plaintiff") disability benefits.

---

[1] The Committee is responsible for reviewing and making all final decisions concerning disability benefit claims under the Plan. The Committee serves as both an administrator and the insurer of the Plan.

In 2013, Plaintiff became "Totally Disabled"[2] based on diagnoses of depressive disorder, chronic back pain, and chronic neck pain. On July 24, 2019, the Corporate Review Board notified Plaintiff that he was no longer Totally Disabled, but instead Partially Disabled, and thus, did not qualify for Plan benefits. Doc. [22-1] at 11. Plaintiff appealed, and the Committee upheld the decision to terminate benefits. Doc. [22-1] at 17.

After the Committee upheld the determination, Plaintiff filed suit under ERISA seeking two alternative theories of recovery: (1) wrongful denial of benefits, pursuant to 29 U.S.C. § 1132(a)(1)(b) (Count I) and (2) breach of fiduciary duty, pursuant to 29 U.S.C. § 1132(a)(3) (Count II). Plaintiff contends that denial of his claim was unlawful because the only two reasons provided for denial of continued benefits – lack of "objective" medical evidence and failure to have a functional capacity evaluation ("FCE")[3] performed – were biased, inconsistent, and part of a failure to give the evidence full and fair review.

In the instant Motion, Plaintiff makes five (5) discovery requests: (1) limited written discovery into why the FCE was canceled when Plaintiff was actively seeking to obtain the necessary cardiological clearance; (2) limited written discovery into why an alternative FCE provider – that would have accepted Dr. Kasten's medical clearance – was not chosen by GENEX; (3) limited written discovery into why none of the medical records relating to Plaintiff's back issues were considered prior to sending the July 24, 2019, letter notifying him that he no longer met the definition of fully disabled; (4) Deposition of GENEX Services employee Jeanne C. RN CCM – not to exceed one hour in time limit – to question why another FCE provider was chosen;

---

[2] "Total Disability" means a mental or physical condition resulting from an illness or injury which is generally considered to be totally disabling by the medical profession and for which the participant is receiving regular recognized treatment by a qualified medical professional.

[3] The Plan may require a participant to undergo an independent medical evaluation ("IME") and/or a functional capacity evaluation ("FCE") to determine whether the participant is or continues to be disabled and entitled to disability benefits under the Plan.

and (5) Deposition of William Sontag, P&G Disability Plan Administrator – not to exceed one hour in time limit – to inquire as to why no prior medical records relating to Plaintiff's disabling conditions were reviewed prior to sending the July 24, 2019 letter.

## II.     LEGAL STANDARD

The Eighth Circuit has repeatedly held that judicial review, generally, in ERISA cases is limited to the evidence that was before the administrator, and thus, the parties may not request discovery of materials outside the administrative record. *Atkins v. Prudential Ins. Co.*, 404 F. App'x. 82, 84 (8th Cir. 2010) (citing *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010)).  However, a court may allow expanded discovery in certain ERISA cases if the plaintiff demonstrates good cause. *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998); *see also Buzzanga v. Life Ins. Co. of North America*, No. 4:09-cv-1353-CEJ, 2010 WL 1141344, at *2 (E. D. Mo. March 22, 2010) (noting that courts in the Eastern District of Missouri have permitted some discovery in ERISA cases).  A plaintiff can show good cause by establishing that the administrative record is insufficient to establish a "palpable conflict of interest" or a "serious procedural irregularity." *Woodrome v. Ascension Health*, No. 4:19-cv-02638-JCH, 2020 WL 1479149, at *2 (E.D. Mo. March 26, 2020).  Conflicts of interest exists whenever the same entity both determines benefits eligibility under an ERISA plan and pays the benefits out of its own pocket. *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008).  A procedural irregularity is said to exist where the plan administrator, in the exercise of its power, acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision. *Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 869 (8th Cir. 2008).

**III.   DISCUSSION**

Plaintiff argues he has demonstrated good cause for the Court to open discovery and consider evidence outside the administrative record because (1) a conflict of interest exists and (2) procedural irregularities are present.  Defendants argue that the decider/payer conflict of interest does not warrant discovery and none of Plaintiff's assertions of procedural irregularity are substantiated by the administrative record.  After considering the parties' briefs and the pertinent law, the Court will allow limited discovery in this case. "[A] conflict or procedural irregularity cannot be considered in a vacuum. Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue." *Sampson v. Prudential Ins. Co. of America*, No. 4:08-cv-1290-CDP, 2009 WL 882407, at *2 (E.D. Mo. March 26, 2009) (citing *Glenn*, 554 U.S. at 116).

Plaintiff has shown, and Defendants concede, a conflict of interest exists because Defendants were both the insurer and administrator of the Plan. *Glenn*, 554 U.S. at 114 (finding a conflict of interest when the insurer and claims administrator of a plan are one and the same). Nonetheless, Defendants argue in their Opposition Brief that discovery is not warranted because they have "taken substantial steps to ensure any conflict of interest does not impact the benefit determination process." Doc. [31] at 10.  Although Defendants provide an affidavit stating they take "substantial steps" to ensure their conflict of interest—arising from their dual responsibilities of adjudicating Plaintiff's claim and paying his benefits—does not impact the benefit determination process, there is nothing in the record saying these policies were followed in the instant case. *Winterbauer v. Life Ins. Co. of N. Am.*, No. 4:07-cv-1026-DDN, 2008 WL 4643942, at *5 (E.D. Mo. Oct. 20, 2008) (noting a claimant is "entitled to know whether the review conducted by [the defendant] in his case complied with [the defendant's] internal guidelines and policies, if such guidelines and policies exist").  Here, Plaintiff should be allowed to conduct

4

limited discovery to determine whether such policies, procedures, and practices do actually exist and, if so, to what extent, if any, they interfered with the fair review of Plaintiff's claim for benefits. Therefore, Plaintiff may conduct limited discovery to determine the potential extent of the conflict, as well as discover any potential procedural irregularities in following such process and procedures.

Moreover, Plaintiff's assertion that there was "irregularity" in the evaluation of his claim is, for the purposes of this discovery Motion, substantiated by the administrative record. The existing record shows Defendants may have disregarded and/or downplayed[4] favorable medical reports and evidence regarding Plaintiff's disabled status, despite federal regulations requiring a claims administrator to provide a "full and fair review" of *all* evidence available to it in determining a claim for benefits and appeal of a claim denial. 29 C.F.R. § 2560.503-1(h); *see also*, *Willcox v. Liberty Life Assurance Co. of Boston*, 552 F.3d 693, 701 (8th Cir. 2009) ("A plan administrator abuses its discretion when it ignores relevant evidence."); *Sahulka v. Lucent Techs., Inc.*, 206 F.3d 763, 769 (8th Cir. 2000) (finding that a lack of a thorough investigation by a fiduciary can result in a serious procedural irregularity). Namely, Defendants granted Plaintiff Total Disability for back issues in 2013, and again in 2016, but Defendants may have failed to review, and do not cite, records related to back pain in making the 2019 determination. *Leirer v. Proctor & Gamble Disability Benefit Plan*, 910 F.3d 392, 398 (8th Cir. 2018) (finding no abuse of discretion when the company did not cite a report in its letter because the report was at least "in the materials considered by the administrator"). Also, as Plaintiff points out, the Committee's 2019 decision and reasoning to deny benefits is potentially inconsistent with the Committee's

---

[4] This is also an issue for conflict purposes. *Glenn*, 554 U.S. at 118 (finding a conflict when administrator "emphasized a certain medical report that favored a denial of benefits, [but] deemphasized certain other reports that suggested a contrary conclusion").

decision and reasoning in 2013 and in 2016, where Plaintiff was granted Total Disability benefits, and an inconsistent application of Plan provisions is unlawful. 29 C.F.R. § 2560.503-1(b)(5) (requiring a plan to establish and maintain reasonable claims procedures such that plan provisions have been applied consistently).  Therefore, additional discovery is warranted to determine why evidence relating to Plaintiff's disabling conditions were considered in previous decisions but not in the one at issue, and whether such procedures comport with Plan procedures as well as federal law.

Further, the Court agrees with Plaintiff that requiring cardiological clearance for the FCE in such a short time span under the circumstances[5] may have been unreasonable, and thus, may have inhibited Plaintiff from obtaining benefits, in violation of the law. 29 C.F.R. § 2560.503-1(b)(3) (forbidding a Plan from implementing or administering claims procedures in a way that unduly inhibits or hampers the processing of claims for benefit).  Therefore, limited discovery is necessary to determine why the FCE was canceled when Plaintiff was actively seeking to obtain the necessary cardiological clearance and why alternative providers were disallowed, and whether these processes comport with Plan procedures as well as federal law.

Finally, on its face, the existing record shows material evidence of potential procedural irregularities and biases, such that allowing depositions would not be a "fishing expedition." *Winterbauer*, No. 2008 WL 4643942, at *7 ("Allowing a deposition to go forward, without any material, probative evidence of bias invites a fishing expedition.").  As an example, in denying Plaintiff benefits, the Committee cites a July 1, 2019 report by Psychiatrist Dr. Graypel as evidence that Plaintiff's "mental status examination was normal . . . and no impairments described."

---

[5] At the time of clearance request, Defendants were aware Plaintiff had not seen his cardiologist in over three years, that Plaintiff was not being treated for a cardiac condition, and that Plaintiff was to undergo a biopsy that prohibited him from physical activity for at least three weeks after.

However, the report actually diagnoses Plaintiff with Major depressive disorder, anxiety, and insomnia, and prescribes Plaintiff several medications for treatment. Doc. [22-8] at 70-71. Accordingly, the existing evidence raises questions as to whether the Committee used "sound judgment" in their determination. *Menz*, 520 F.3d at 869 (holding that a procedural irregularity exists where the plan administrator, in the exercise of its power, failed to use sound judgment in reaching its decision).

The Court will not know decide to what extent, if at all, potential procedural irregularities and/or conflict of interest affected the outcome of Plaintiff's benefit determination.  As discussed above, limited discovery is needed to ascertain the potential extent of any procedural irregularities and/or a conflict of interest because without such discovery, "the administrative record [is] [in]sufficient to permit a fair evaluation of the decision." *See Atkins*, 404 F. App'x at 85.

Therefore, the Court grants Plaintiff's Motion.

## Conclusion

Plaintiff has identified possible specific procedural challenges – conflicts of interest and procedural irregularities – on the part of the plan administrator that may have affected his benefits claim determination.  Therefore, Plaintiff has shown good cause and is entitled to limited discovery – discovery that is strictly circumscribed to obtain potential evidence concerning the identified procedural challenges – to ascertain whether these potential procedural challenges truly exist and to what extent, if any, they interfered with the fair review of Plaintiff's claim for benefits. The Court also advises the parties to resolve any additional discovery disputes in good faith before requesting Court intervention.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery, Doc. [27], is

7

**GRANTED.**

Dated this 21st day of October, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

8